UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTY L. BOULIS-GASCHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CV-450 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge [Doc. 19]. In his Report and Recommendation (the "R&R"), the magistrate judge found that substantial evidence in the record as a whole supported the determination of the Administrative Law Judge (the "ALJ") that plaintiff was not disabled. Accordingly, the magistrate judge recommended that plaintiff's motion for judgment on the pleadings [Doc. 11] be denied, and that defendant Commissioner of Social Security's (the "Commissioner's") motion for summary judgment [Doc. 15] be granted.

### I. History of the Case

Plaintiff filed an application for disability insurance benefits with the Social Security Administration on November 23, 2003 alleging disability beginning on August 27, 2001 [Tr. 25, 58-60]. Her claim was denied initially on April 30, 2004 and upon reconsideration on

September 17, 2004 [Tr. 25]. Plaintiff appeared before the ALJ for a hearing on August 23, 2006 [Tr. 656-86]. Plaintiff testified at the hearing [Tr. 660-85].

The ALJ denied plaintiff's claim for benefits on January 26, 2007 [Tr. 25-30]. In his decision, the ALJ made the following findings:

(1) The claimant last met the insured status requirements of the Social Security Act on December 31, 2005.

(2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of August 27, 2001 through her date last insured of December 31, 2005.

(3) Through the date last insured, the claimant had the following combination of impairments: myofascial pain syndrome; bilateral carpal tunnel syndrome; possible seizure disorder. Therefore, she had a "severe" impairment.

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(5) After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of medium work.

(6) Through the date last insured, the claimant's past relevant work as a computer aided drafter did not require the performance of work-related activities precluded by the claimaint's residual functional capacity.

(7) The claimant was not under a "disability," as defined in the Social Security Act, at any time from August 27, 2001, the alleged onset date, through December 31, 2005, the date last insured.

[Tr. 27-30]. The Appeals Council denied plaintiff's request for review of the ALJ's decision on July 15, 2008 [Tr. 14-17]. The ALJ's decision thus stands as the Commissioner's final decision subject to judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff filed a complaint with this Court on November 4, 2008 seeking judicial review of the ALJ's decision [Doc. 1]. Plaintiff filed a motion for judgment on the pleadings on April 7, 2009 [Doc. 11]. The Commissioner filed a motion for summary judgment on June 29, 2009 [Doc. 15]. Plaintiff filed a response to the Commissioner's motion for summary judgment on July 8, 2009 [Doc. 17].

The magistrate judge issued his R&R on September 16, 2009 [Doc. 18]. Plaintiff filed her objections to the R&R on September 28, 2009 [Doc. 19]. The Commissioner filed a response to plaintiff's objections on October 16, 2009 [Doc. 20]. Plaintiff filed a reply to the response on October 27, 2009 [Doc. 21].

## II.   Standard of Review

The Court must conduct a de novo review of those portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards, and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant

3

whether the record could support a decision in the plaintiff's favor, or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**III. Analysis**

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a de novo review of those portions of the R&R to which plaintiff objects. In considering plaintiff's objections to the magistrate judge's R&R, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff raises six objections to the R&R. She argues that (1) the R&R does not apply the appropriate legal standard when determining whether the Commissioner's evaluation of plaintiff's alleged mental impairments complied with Section 221(h) of the Social Security Act[1] and Section 404.1520a of the regulations; that (2) the R&R permits the Commissioner to violate the "treating source rule" in regard to plaintiff's mental impairments; that (3) the R&R's analysis of the facts of plaintiff's alleged mental impairments is inconsistent and not probative of whether plaintiff has a medically determinable mental impairment; that (4) the R&R's analysis of the Commissioner's failure to include other non-exertional limitations in

---

[1] Section 221(h) of the Social Security Act is codified at 42 U.S.C. § 421(h). The Court refers to the U.S. Code provision in its discussion of this objection.

4

the residual functional capacity ("RFC") is inadequate; that (5) the R&R does not resolve plaintiff's contention that the ALJ did not properly consider the opinion evidence; and that (6) the R&R is incorrect to state that plaintiff does not object to the ALJ's credibility determination [Doc. 19]. The Court considers each objection below.

> **A. Whether the R&R Applies the Appropriate Standard for Determining Whether the Commissioner's Evaluation of Plaintiff's Alleged Mental Impairments Complies with 42 U.S.C. § 421(h) and 20 C.F.R. § 404.1520a**

Plaintiff first objects to the R&R on the ground that the magistrate failed to apply the appropriate standard when determining whether the Commissioner's evaluation of plaintiff's alleged mental impairments complied with 42 U.S.C. § 421(h) and 20 C.F.R. § 404.1520a [*Id.*]. In support of this objection, plaintiff argues that the applicable statute and regulations require the Commissioner to use a psychiatric consultant and a special psychiatric review technique when evidence indicates the existence of a mental impairment [*Id.*]. Plaintiff argues further that, under this standard, remand is warranted if the Commissioner fails to use a psychiatric consultant where the evidence raises an "inference" of a mental impairment [*Id.*]. Finally, plaintiff argues that the magistrate's ruling on this point permits the Commissioner to determine whether plaintiff has a mental impairment without first obtaining the input of a psychiatric consultant [*Id.*].

In response, the Commissioner argues that there is no legal authority to support plaintiff's position that an ALJ is required to consult with a medical expert prior to determining that a claimant does not have a medically determinable mental impairment, when the ALJ is first confronted with an allegation of mental impairment at a hearing [Doc. 20].

5

The Commissioner argues that, as a result, the magistrate judge did not err in finding that the ALJ was not required to consult with a medical expert as plaintiff asserts [*Id.*].[2] In her reply to the Commissioner's response, plaintiff offers additional analysis of Sixth Circuit case law on this point [Doc. 21].

The Sixth Circuit has addressed this question in several unpublished opinions. The most recent of these is *Marcum v. Comm'r*, No. 98-6771, 2000 WL 92262, at *4 (6th Cir. Jan. 18, 2000) (per curiam). *Marcum* held that evidence of "some depression," "reports of non-restorative sleep," a plaintiff's use of a "nerve pill" to help him sleep at night, and the plaintiff's hearing testimony that he was "depressed a lot" were collectively insufficient to raise an inference that plaintiff suffered from a mental impairment. Where the evidence raised no inference, the ALJ was not obligated under either 42 U.S.C. § 421(h) or 20 C.F.R. § 404.1520a to consult with a mental health expert before making a disability determination.

This case is no different. The magistrate judge found that the plaintiff in this case never sought any mental health treatment for her reported panic attacks [Doc. 18]. The magistrate judge further found that no doctor "clearly or consistently" diagnosed plaintiff with a panic disorder [*Id.*]. Finally, the magistrate judge found that while plaintiff's doctor prescribed antidepressant medication to plaintiff in April and May 2005, the record showed not only that plaintiff's depression did not meet the regulatory durational requirement, but

---

[2]The magistrate found that the ALJ was not required to conduct an analysis under all of the steps of 20 C.F.R. § 404.1520a because the ALJ "reasonably concluded that the evidence did not show a severe mental impairment of the requisite duration" [Doc. 18].

6

that plaintiff denied being depressed in April 2006, and reportedly had been discharged from mental health care treatment [*Id.*]. A review of the record supports these findings. Given this evidence, the magistrate judge did not err in concluding that the ALJ was under no obligation to consult with a mental health expert in this case.

**B.     Whether the R&R Permits the Commissioner to Violate the "Treating Source Rule" in Regard to Plaintiff's Mental Impairments**

Plaintiff next objects to the R&R on the ground that the magistrate's ruling does not address the ALJ's failure to discuss the opinions of three different treating physicians and one examining physician [Doc. 19]. Plaintiff argues that this failure violates the "treating source rule," which requires the ALJ to "evaluate every medical opinion [he] receive[s]" and "give good reasons in [his] notice of determination or decision for the weight [he] give[s] [a claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d). The Commissioner responds to this argument by challenging the credibility of the opinions cited by the plaintiff [Doc. 20]. In reply, plaintiff argues that the Commissioner's rebuttal is immaterial, and that the decision as to what weight these opinions deserve lies solely with the ALJ [Doc. 21].

Plaintiff points to four specific opinions in the record which she contends the ALJ was required to consider. The Court easily dispenses with complaints as to two of these. Plaintiff contends that the ALJ was required to consider the opinions of Dr. Paul Hoffmann, who believed plaintiff had "a significant amount of anxiety contributing to her current symptomatology" and was "very depressed," and that "the depression [was] negatively impacting [plaintiff's] pain"; and the opinion of Dr. Bertram Henry, who determined in May

7

2006 that plaintiff had "significant depression problems" [Doc. 19; Tr. 507, 511-12, 586]. The ALJ rejected the opinions of both doctors, giving "little weight" to the opinions of Dr. Hoffmann, as they were "inconsistent with the overall evidence of record, and . . . internally inconsistent with [Dr. Hoffmann's] own treatment notes," and finding that Dr. Henry's opinions were less "consistent with the overall evidence of record considered as a whole" than the contrary opinions of Dr. Robert Doster [Tr. 29-30]. The R&R thus does not permit the ALJ to violate the treating source rule with respect to the opinions of these two doctors.

Nor does the R&R permit the ALJ to violate the treating source rule with respect to the other two opinions plaintiff cites. Plaintiff points to the "suggestion" by Dr. Thomas E. Davis in September 2004 that depression was contributing to plaintiff's severe fatigue [Tr. 519-21]. As noted by the Commissioner, however, this suggestion is simply a reference to plaintiff's own reported belief that plaintiff's depression, as diagnosed by Dr. Hoffmann, who had prescribed Paxil for plaintiff, was contributing to her fatigue. Such memorialization by a doctor of a patient's complaints does not constitute a "medical opinion" that the ALJ would be required to discuss in her opinion. Moreover, even were the ALJ required to consider this opinion, the ALJ's already-discussed discounting of Dr. Hoffmann's opinion applies in equal force to Dr. Davis's references to those opinions in his own treatment notes.

Finally, plaintiff points to Dr. Michelle Brewer's opinion that plaintiff's "possible anxious depression" could be contributing to her headaches and seizures [Doc. 19; Tr. 615]. Review of the record, however, reflects not a diagnosis of anxiety or depression by Dr. Brewer, but rather a series of noncommittal suggestions lacking in any serious follow-on

8

treatment [*see* Tr. 467-72; 486-87; 615; 617; 620]. And while the ALJ did not explain the weight he afforded to Dr. Brewer's opinions, such failure is at most harmless error in this case, given the absence of any diagnosis of anxiety or depression by Dr. Brewer. *See Heston v. Comm'r*, 245 F.3d 528, 535 (6th Cir. 2001) (failure of ALJ to explain weight given to medical opinion does not necessarily mandate reversal). Thus, the R&R's ruling on this point was not error.

> **C. Whether the R&R's Analysis of the Facts of Plaintiff's Mental Impairments is Inconsistent and Not Probative as to Whether Plaintiff Has a Medically Determinable Impairment**

Plaintiff next objects to the R&R on the ground that the R&R's analysis of the facts of plaintiff's alleged mental impairments is inconsistent, and is not probative of whether plaintiff has a medically determinable mental impairment. The Court considers each of these complaints below.

> **1. Whether the R&R's Analysis of the Facts of Plaintiff's Mental Impairments is Inconsistent**

Plaintiff argues that the R&R contradicts itself in two ways. First, she argues that the R&R's finding that the plaintiff "never sought any mental health treatment for her alleged condition" contradicts its finding that plaintiff "reportedly had been discharged from mental health care treatment," and that plaintiff had been referred for mental health treatment on several occasions by Dr. Hoffmann.[3] But "seeking" mental health treatment, and being

---

[3] Apart from the mention of Dr. Sanders in the notes of other doctors, *see, e.g.*, Tr. 594, 598, 602, 604, 606, no evidence of any treatment of plaintiff by Dr. Sanders appears in the record.

9

"referred" for mental health treatment, are two different things. The Court finds no contradiction. To the extent any contradiction does exist, the Court does not consider it meaningful.

Second, plaintiff argues that the R&R's statement that "no doctor clearly or consistently diagnosed plaintiff with a panic disorder" contradicts the R&R's recounting that doctors have consistently treated plaintiff for anxiety and depression, because the DSM-IV identifies "panic disorder" as a form of anxiety [Doc. 19]. In the pages of the R&R that plaintiff cites, the Court counts seven references to anxiety or depression: (1) Dr. Eugenio Vargas's note that "plaintiff's description of her alleged seizures consisted of anxiety and slightly garbled speech with no alteration in consciousness"; (2) Dr. Davis's note that plaintiff "was being treated for depression with Paxil" as prescribed by Dr. Hoffmann; (3) Dr. Hoffmann's decision to "continue[] her anxiety medication" in August 2005; (4) Dr. Hoffmann's determination that plaintiff's "depression contributed to her limitations"; (5) plaintiff's April 2006 denial that she was depressed; (6) Dr. Henry's note that plaintiff "appeared very depressed" and "had significant depression problems"; and (7) Dr. Hoffmann's changing of plaintiff's anxiety medication regimen in August and September 2006 [Tr. 494, 520-21, 562, 586, 598, 610, 631-32, 635]. Five of these references are to treatment by Dr. Hoffmann and Dr. Henry, whose opinions the ALJ reasonably discounted. *See* discussion *supra* Part III.B. One reference is to plaintiff's denial that she was depressed. That leaves as evidence of consistent treatment for anxiety and depression only Dr. Vargas's ambiguous note regarding plaintiff's alleged seizures. This reference does not

10

contradict–and in fact, seems to support–the R&R's finding that no doctor "clearly or consistently" diagnosed plaintiff with a panic disorder.

Plaintiff also argues that the R&R's mention that plaintiff received treatment for depression in September 2004; its finding that Dr. Hoffmann prescribed medication for depression in April and May 2005; and its finding that plaintiff denied being depressed in April 2006 all contradict its finding that plaintiff's depression did not meet the twelve-month durational requirement [Doc. 19]. The Court disagrees. At most, the above evidence indicates some level of treatment or medication for depression from September 2004 to May 2005, short of any twelve-month requirement. The Court finds no contradiction and no error.

> **2. Whether the R&R's Analysis of the Facts of Plaintiff's Impairments is Probative of Whether Plaintiff Has a Medically Determinable Impairment**

Plaintiff argues that the R&R's analysis of the facts of plaintiff's impairments is not probative of whether plaintiff has a medically determinable impairment. In support of this argument, plaintiff contends that (1) the R&R fails to address relevant law holding that failure to seek formal mental health treatment is not probative of whether a person has a medically determinable mental impairment; (2) the Court should not consider the fact that plaintiff reported that she was not depressed in April 2006 as substantial evidence supporting the ALJ's decision; and (3) the R&R does not evaluate the Commissioner's rationale that plaintiff's depression did not meet the twelve-month durational requirement because "her mood was improved by June 2005" [Doc. 19].

11

In support of her first argument, plaintiff cites *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) for the proposition that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." She argues that this holding prevents the Court from treating plaintiff's testimony that she never sought mental health treatment as substantial evidence in support of the ALJ's decision.

This testimony was not the only thing the magistrate considered in determining whether plaintiff had a medically determinable mental impairment. The magistrate also pointed out that "no doctor clearly or consistently diagnosed plaintiff with a panic disorder" [Doc. 18]. Thus, even disregarding plaintiff's testimony that she never sought mental health treatment for her condition, substantial evidence exists in the record to support the ALJ's decision.

In support of her second argument, plaintiff contends that the R&R's citation to an April 2006 treatment note recording that plaintiff did not believe she was depressed (1) cannot constitute substantial evidence to support the ALJ's decision, because the ALJ's decision does not mention the note; and (2) should have been accompanied in the R&R by a discussion of another quotation in the same treatment note evincing plaintiff's ailments. Plaintiff's first argument is wrong. The Court's role on review is to determine whether the ALJ's decision is supported by substantial evidence based upon the record as a whole. The Court is not precluded from pointing to such evidence even if that evidence is not explicitly mentioned in the ALJ's decision. Plaintiff's second argument is also wrong. While the Court agrees that the "substantiality of evidence must take into account whatever in the

record fairly detracts from its weight," *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984), plaintiff's representations in the treatment note that she was "sick and tired" of her disability do not detract from her representations that she did not believe she was depressed.

In support of her third argument, plaintiff characterizes the ALJ's finding that plaintiff's mood was improved by June 2005 as the primary justification for the Commissioner's decision that plaintiff did not have a medically determinable impairment lasting longer than twelve months. Plaintiff argues that the magistrate should have evaluated this statement in light of the entire record and the relevant case law. But plaintiff overlooks the magistrate's observation that "plaintiff denied being depressed and reportedly had been discharged from mental health care treatment" in April 2006, *see* Doc. 18, and of the lack of evidence of treatment or medication for depression after May 2005, *see* discussion *supra* Part III.C.1. The Court thus finds no error in the magistrate's evaluation.

### D. Whether the R&R's Analysis of the Commissioner's Failure to Include Other Non-Exertional Limitations in the RFC is Inadequate

Plaintiff next objects to the R&R on the ground that the magistrate's analysis of the ALJ's failure to include other non-exertional limitations in the RFC is inadequate [Doc. 19]. Plaintiff makes two arguments in support of this objection. First, plaintiff argues that the R&R contradicts itself [*Id.*]. Second, plaintiff argues that the R&R provides no support for its statement that the ALJ considered all of plaintiff's impairments in making the RFC determination [*Id.*]. The Court considers these arguments below.

#### 1. Whether the R&R Contradicts Itself

Plaintiff contends that the R&R holds that "nothing in the record indicates a limitation or restriction on [p]laintiff's functional capacity resulting from her seizures, panic attacks, headaches, and use of her arms" [*Id.*]. Plaintiff argues that this finding is contradicted by the magistrate's recitation of facts that identified the effects on plaintiff of these seizures, panic attacks, headaches, and use of her arms [*Id.*].

Plaintiff mischaracterizes the R&R's holding. In the R&R, the magistrate notes that the ALJ "considered all of the physical and mental limitations and restrictions of specific functional capacity alleged by plaintiff," and "did not fail to consider her alleged carpal tunnel syndrome, seizure[s], fatigue, and headaches" [Doc. 18]. The magistrate notes further that plaintiff did not explain how "these alleged impairments prevent[ed] her from doing her past work as a computer-aided drafter" [*Id.*]. The Court thus finds no contradiction between the magistrate's recitation of the facts identified by plaintiff and the magistrate's holding on this point.

### 2. Whether the R&R Provides Support for its Statement that the ALJ Considered All of Plaintiff's Impairments

Plaintiff next contends that the R&R provides no support for its holding that the "ALJ considered all of the physical and mental limitations and restrictions of specific functional capacity alleged by plaintiff," and "did not fail to consider her alleged carpal tunnel syndrome, seizure[s], fatigue, and headaches" [Doc. 19]. Plaintiff argues that this holding is belied by the lack of consideration given in the ALJ's decision to these alleged limitations.

14

Upon review of the record, however, it seems that plaintiff's quarrel is not with the discussion of these limitations in the ALJ's decision, but with the depth of that discussion. In his decision, the ALJ noted plaintiff's reports that she had "seizures once to twice a week which would last about ten minutes"; that plaintiff testified that she had seizures, but that Dr. Brewer "stated it was not clear that the claimant's reported symptoms were seizures," and that plaintiff's "'seizure[s]' appear[ed] to have occurred only while she was at home"; that "nerve conduction studies were suggestive, but not conclusive for a very mild bilateral carpal tunnel syndrome"; and that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" [Tr. 28]. The Court finds support in the record for the R&R's holding that the ALJ considered all of plaintiff's impairments, and thus finds no error on this point.

### E. Whether the R&R Resolves Plaintiff's Contention that the ALJ Did Not Properly Consider Opinion Evidence

Plaintiff next objects on the ground that the R&R does not mention any evidence cited in the ALJ's decision that corroborates or detracts from the opinions of Dr. Hoffman [Doc. 19]. Plaintiff also contends that the R&R fails to explain why Dr. Doster's opinion can constitute substantial evidence, when that opinion was rendered without an examination or without the benefit of all of the evidence [*Id.*].

A review of the R&R refutes both of these contentions. The magistrate explained that the ALJ "identified the significant amount of medical evidence in the record that conflicted with Dr. Hoffmann's extreme opinion about plaintiff's limitations" [Doc. 18]. This certainly

15

constitutes "evidence cited in the ALJ's decision that detracts from the opinions of Dr. Hoffmann." And while the R&R does not specifically explain why Dr. Doster's opinion can constitute substantial evidence, notwithstanding the alleged shortcomings cited by plaintiff, the ALJ provided that explanation in his own decision. The ALJ noted that "Dr. Doster's opinion is more consistent with the overall evidence of record considered as a whole" than that of the contrary opinion of Dr. Henry, and that the "objective findings do not support the degree of limitation indicated by Dr. Henry" [Tr. 29-30]. The Court thus finds no error in the R&R's resolution of plaintiff's contention that the ALJ did not properly consider opinion evidence.

### F. Whether the R&R is Incorrect to State that Plaintiff Does Not Object to the ALJ's Credibility Determination

Finally, plaintiff objects on the ground that the R&R incorrectly states that plaintiff does not object to the ALJ's credibility determination. Plaintiff appears to object to the R&R's mention that plaintiff "apparently does not object to the ALJ's finding that the plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible" [Doc. 18]. Even if the plaintiff has accurately characterized the R&R's language on this point as evincing a belief that plaintiff does not object to the ALJ's credibility determination, however, the Court notes that on review it does not decide questions of credibility. *Walters*, 127 F.3d at 528. The Court finds no error.

### IV. Conclusion

16

For the reasons just given, the Court will overrule plaintiff's objections to the R&R [Doc. 19]; accept in whole the R&R [Doc. 18]; deny plaintiff's motion for judgment on the pleadings [Doc. 11]; grant the Commissioner's motion for summary judgment [Doc. 15]; affirm the Commissioner's decision denying plaintiff's application for benefits; and dismiss this case.

An order reflecting this opinion will be entered.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE