UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTY L. BOULIS-GASCHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-450 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding disposition of Plaintiff Christy L. Boulis Gasche's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 28]. The Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $15,581.78, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

**I.    BACKGROUND**

On February 16, 2010, the Court entered an Order granting the Motion for Summary Judgment, filed by Michael J. Astrue, Commissioner of Social Security. [Doc. 23]. The Plaintiff appealed this decision, and on August 23, 2011, the Court of Appeals for the Sixth Circuit entered an Order [Doc. 26], reversing this Court's decision in part, vacating the Commissioner's decision in part, and remanding this case to the Commissioner for further proceedings. On December 21, 2011, the Plaintiff filed the instant motion, and the Commissioner responded in

1

opposition to the motion on February 8, 2012.

The undersigned finds that the Plaintiff's Motion for Attorney Fees is ripe for adjudication, and for the reasons stated below, the undersigned will **RECOMMEND** that it be **GRANTED**.

## II. ANALYSIS

Four conditions must be met before fees will be awarded under the EAJA:

   1. Plaintiff must be a prevailing party;

   2. The Commissioner's position must be without substantial justification;

   3. No special circumstances warranting denial of fees may exist;

   4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1). The Court will address each of these requirements in turn.

### A. Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

The Commissioner does not dispute that the Plaintiff is a prevailing party. The undersigned finds that the Plaintiff is a prevailing party and further finds the first condition for granting fees under the EAJA has been met.

### B. The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).

2

The Commissioner does not dispute that his position was without substantial justification. After reviewing this case's history and the Plaintiff's argument in support of an award, the Court finds that the Commissioner's position was without substantial justification. Thus, the undersigned finds that the second condition for granting fees under the EAJA has been met.

C.  **There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust. The Commissioner has objected to the reasonableness of the fees, and to the extent this objection constitutes "special circumstances," it will be addressed below. Otherwise, the undersigned finds that the third condition for granting fees under the EAJA has been met.

D.  **The Plaintiff's Request for an Award of Fees is Timely**

On August 23, 2012, the Court of Appeals issued its Order. On December 21, 2011, the Plaintiff moved for fees and costs in the amount of $15,581.78.[1] [Doc. 28]. The time for appealing a judgment from a Court of Appeals expires ninety days after entry of the judgment of Court of Appeals. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). The Plaintiff's motion in this case was a proper application for fees and was filed within ninety days of the final judgment in this matter. Thus, the undersigned finds that the fourth condition for granting fees under the

---

[1] The Court would note that this amount is presented as representing .8 hours of attorney time compensated at $163.95 per hour expended in 2008, 34.9 hours of attorney time compensated at $163.37 per hour expended in 2009, 33.2 hours of attorney time compensated at $166.05 per hour expended in 2010, 19.9 hours of attorney time compensated at $172.42 per hour expended in 2011, along with 9.3 hours of paralegal time compensated at $46.00 per hour. These attorney hours and paralegal hours total $15,204.58. The Plaintiff has, however, requested only $14,776.78 to compensate for attorney hours and paralegal hours, plus $805.00 for filing fees. It appears to the Court that the Plaintiff has shorted herself $427.80. The undersigned is charged with addressing the request for relief contained in the motion itself, and therefore, this Report and Recommendation is made as to the $15,581.78 requested in Plaintiff's motion. The Plaintiff or Commissioner may address this discrepancy, should they so choose, in their filings in response to this Report and Recommendation.

3

EAJA has been met.

E. **The Court Finds that the Fees Requested Are Reasonable**

The Commissioner argues that the amount of fees requested in this case is not reasonable. The Commissioner maintains that the hours spent on the Plaintiff's appellate brief were excessive [Doc. 34 at 2], and the hours reflecting time counsel spent on unsuccessful arguments should not be compensated.

The Court has considered the number of hours billed in this case, and the Court finds that number of hours is not excessive based upon the issues presented in this case, the appeal sought, and the lengthy history of this matter.

The Court finds that the Commissioner's position that the Plaintiff should not be compensated for hours spent on unsuccessful arguments is not persausive. In support of this position, the Commissioner cites Plaintiff's acknowledgment that the issues in this case narrowed as it proceeded from the undersigned to the District Judge to the Court of Appeals. The Plaintiff explained, "Plaintiff therefore asks for attorney fees for only what was necessary to achieve the sentence four remand." [Doc. 29 at 3]. The Commissioner relies on this statement in arguing that the Plaintiff's fee request should be reduced. The Commissioner does not, however, cite the Court to any case law or statutory provision supporting its request for reduction. The Court interprets the Plaintiff's statement in her brief as informing the Court that the Plaintiff considered the narrowing of the issues, exercised professional judgment in reducing the bills submitted to the Court accordingly, and thereafter, arrived at the figure presented to the Court.

The Court has examined the Commissioner's objections and the billing entries for which the Plaintiff seeks compensation [Doc. 34 at 4-5; Doc. 30 at 6-11], and the Court cannot say that

4

any of these entries were so unrelated to the Plaintiff's position on appeal as to render them beyond the EAJA's scope of compensation.

The undersigned has considered the amount requested and the objections posed by the Commissioner, and the undersigned finds that the fees requested are reasonable.

## III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 28]** be **GRANTED**, and a judgment awarding Plaintiff the amount of **$15,581.78** for attorney fees be entered.

Respectfully submitted,

        s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).